UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BIG GUY'S PINBALL, LLC

       Plaintiff,

v.

JIMMY LIPHAM,

       Defendant.

_____/

Case No. 13-51709

Honorable VICTORIA A. ROBERTS
U.S. District Judge, Presiding

Honorable LAURIE J. MICHELSON
U.S. Magistrate Judge, Referral

**COMPLAINT FOR:**
**COPYRIGHT INFRINGEMENT AND UNFAIR COMPETITION,**
**VIOLATION OF MICHIGAN'S UNIFORM TRADE SECRETS ACT, and**
**TORTIOUS INTERFERENCE WITH BUSINESS RELATIONSHIPS/EXPECTATIONS**

Plaintiff, BIG GUY'S PINBALL, LLC, by its counsel, Robert A. Farr, PLLC, for its

complaint against Defendant states the following:

**PARTIES**

1.     Plaintiff BIG GUY'S PINBALL, LLC ("BGP") is a limited liability company organized

pursuant to the laws of the State of Michigan.  Plaintiff's principal place of business and registered

office address are located within this U.S. Judicial District.

2.     Defendant JIMMY LIPHAM ("LIPHAM") is an adult and a resident/citizen of the State of

Georgia.  He is also the owner/registrant of an internet web site known as PlayPinBox.com

("PPB.com").

**JURISDICTION & VENUE**

3.     This is a civil action seeking legal and equitable relief for copyright infringement and unfair

1

competition arising under United States Copyright Act of 1976, as amended, 17 U.S.C. §101, *et seq* (Count I). This civil action also seeks legal and equitable relief for trade secret violations arising under Michigan's Uniform Trade Secret Act, as amended, M.C.L. 445.1901, *et seq* (Count II).

4.     Complete diversity of citizenship exists among the parties.

5.     With respect to Count I, this Court has subject matter jurisdiction pursuant to the U.S. Judiciary & Judicial Procedure Act, 28 U.S.C. §1331 (Federal Question) and 28 U.S.C. §1338(a) (Copyrights, and Unfair Competition).

6.     The Court has limited personal jurisdiction over the Defendant pursuant to the Long Arm Jurisdiction provisions of Michigan's Revised Judicature Act, M.C.L. §600.705(1), §600.705(2), and/or §600.705(5).

7.     With respect to Counts II and III of this complaint, if direct federal jurisdiction does not exist, the supplemental jurisdiction of this Court is invoked (pursuant to 28 U.S.C. §1367), the claims in Count II being so related to the claims raised in Count I under federal law that they form a part of the same case or controversy as contemplated by Article III of the United States Constitution.

8.     Venue is proper in this Judicial District pursuant to the U.S. Judiciary & Judicial Procedure Act, 28 U.S.C. §1331(b)(2), inasmuch as this district is where a substantial part of the events giving rise to Plaintiff's claims occurred, or where a substantial part of property that is the subject of this action is situated.

## COMMON FACTUAL BACKGROUND

9.     Plaintiff BGP owns the Copyright to software identified as Nucore, an original computer program containing unique (and protected) software which was first publically published on March 17, 2009. A copy of the introductory page of Nucore, viewable by all users when starting the

2

software and containing the notice "Copyright Big Guys Pinball LLC 2010", is attached as Exhibit

A.  A copy of  Certificate of Copyright #TX 7-820-719 is attached as Exhibit B.  10.       Plaintiff

BGP has never licensed or otherwise granted permission for the use of Nucore's unique software by

another party, and has retained ownership since its creation.

11.    Nucore functions

      A)       in combination with hardware also manufactured and marketed by BGP, and with a
           security key also provided with the purchase of Nucore, or

      B)       independently from BGP's proprietary hardware (but still necessitating the use of the
           security key provided with the purchase of Nucore), by using commonplace personal
           computers utilizing now-standardized modern electronic and computer components,

to enable emulation of the now-obsolete (i.e., no longer being manufactured) electronic and

computer components originally utilized by Williams Electronic Games, Inc. within its "Pinball

2000" pinball machines ("WP2K").  The WP2K pinball platform (released in 1999), and Nucore

(first made available on March 17, 2009), combine the traditional all-mechanical pinball play field

with video game graphics reflected from overhead upon the glass encasement of the traditional play

field to add dimension and enhance the player's experience.  Nucore restores and improves the

original WP2K pinball machines, of which over 10,000 were shipped worldwide.

12.    Plaintiff BGP obtained an exclusive license from Williams Electronic Games, Inc. to use the

video, audio and related files from its WP2K "Revenge From Mars" ("RFM") and "Star Wars

Episode I" ("SWE-I") games within Nucore.  RFM and SWE-1 comprise 100% of the 10,000+

WP2K machines ever made.

13.    Plaintiff BGP marketed Nucore for sale to the public as a for profit venture via the interactive

web site PinBallLife.com, which was an authorized sales outlet for Nucore software. Lawful buyers would ordinarily obtain a security key and Nucore software on a CD-ROM from PinBallLife.com. Nucore itself (without a security key) was also available from BGP's interactive web site BigGuysPinball.com. This procedure facilitated restoring a lawful customer's access to the Nucore files should he/she lose their CD, but the customer still needed to have their original security key to restore function.

14.     On July 6, 2013 at approximately 10:13p.m., a copy of Nucore was downloaded from BGP's site by an internet user via a remote internet connection having the assigned IP address "98.251.52.68". The activity log from BGP's web site which recorded this event is attached hereto as Exhibit C.

15.     The IP address "98.251.52.68" is one of a chronological series of IP addresses assigned to Comcast Cable Communications, Inc. ("Comcast"). *See* Exhibit D.

16.     The IP address "98.251.52.68" is identified as being assigned to a Comcast server located in or near Winder, Georgia and serving Comcast's IP address in area. *See* Exhibit E.

17.     Plaintiff BGP notified Comcast (via the online means provided by Comcast for such notifications) of the copyright infringement by IP address "98.251.52.68". *See* Exhibit F.

18.     In response to an Order of this Court and subpoena (*see* ECF#5 and ECF#3, respectively) Comcast identified the particular customer/internet access subscriber assigned to IP address "98.251.52.68" as Mr. Jimmy Lipham, Defendant herein, with a billing address of 396 Harvey Lockey Rd., Bethlehem, Georgia, 30602. *See* Exhibit G.

19.     Winder, Georgia and Bethlehem, Georgia are within approximately five (5) miles of one another and the Comcast internet server servicing Mr. Lipham's  IP address "98.251.52.68". *See*

4

Exhibit H.

20.     On August 1, 2013, just 26-days after a copy of Nucore was downloaded via the IP address "98.251.52.68" assigned to Defendant Jimmy Lipham, a member (identified by the pseudonym "MasterGeek") of the publicly accessible internet pinball enthusiast forum "Pinside.com" posted a message notifying other members that he had made available software characterized as "a Nucore alternative - for free nonetheless *** " for public download at "PlayPinBox.com". *See* Exhibit I.

21.     The subject alternative software will be referred to hereinafter as "Nucore-ALT".

22.     Also on August 1, 2013, a member (identified by the initials "MG" and having the email address "support@playpinbox.com" ) of a second publicly accessible internet pinball enthusiast forum known as "Google Groups rec.games.pinball" posted a message identical to the message summarized in paragraph 20, *supra.   See* Exhibit J (& compare with Exhibit I).

23.     The web site "PlayPinBox.com" ("PPB.com") had, at the time of infringement, a proxy registrant identified as Domains By Proxy, Inc. ("DBP"). *See* Exhibit K.  A "proxy registrant" is a stand-in contact for the *actual* registrant - a technique used to disguise the identity of the real owner and registrant of an internet site. *See* Exhibit L.

24.     Plaintiff BGP notified DBP of the copyright infringement by PPB.com . *See* Exhibit M.

25.     A subpoena to DBP (*see* ECF#3) identified the actual registrant and owner of the web site PPB.com as Mr. Jimmy Lipham, the Defendant herein, with a billing address of 396 Harvey Lockey Rd., Bethlehem, Georgia, 30602. *See* Exhibit N.

26.     Defendant Jimmy Lipham did not file a motion to quash either the Comcast subpoena or the DBP subpoena.

**CLAIMS**

**COUNT  I -   COPYRIGHT INFRINGEMENT AND UNFAIR COMPETITION**

27.     Plaintiff BGP, LLC integrates all prior paragraphs (1-26) within the following claims as if restated fully herein.

28.     Plaintiff BGP asserts upon information and belief that Defendant Jimmy Lipham:

    A)      Is the person who downloaded Nucore from BGP's web site using IP address "98.251.52.68";

    B)      Is the person (or is among the persons) who

        i)      bypassed, removed and/or otherwise disabled (or arranged for such acts by third parties) the verification functions of the security key protections contained within the Nucore files (which were designed and intended to protect BGP's copyright) so as to make Nucore function as Nucore-ALT without those protections, and

        ii)     removed the copyright notice ordinarily contained in Nucore (including identification of two of the three members of BGP responsible for creating Nucore), so as to remove references in Nucore-ALT to its true source: Nucore/BGP;

    C)      Is the person who created the website "PlayPinbox.com" and offered Nucore-ALT for free download at that site (including remote tournament services and functions which were also previously available only through BGP's web site);

    D)      Is the person who, under the pseudonym "MasterGeek", publically announced on the pinball enthusiast site "Pinside.com" the free availability of Nucore-ALT at his web

6

site "PlayPinbox.com" (including remote tournament services and functions which were also previously available only through BGP's web site);

E)      Is the person who, under the initials "MG", publically announced on the pinball enthusiast site "Google Groups rec.games.pinball" the free availability of Nucore-ALT at his web site "PlayPinbox.com" (including remote tournament services and functions which were also previously available only through BGP's web site);

29.     Defendant Jimmy Lipham infringed BGP's copyright in Nucore by publically publishing a free and functional Nucore-ALT, the latter software being copied in full or in material part from Plaintiff's original work and product, Nucore, thus causing irreparable damage to Plaintiff BGP.

30.     Defendant Jimmy Lipham engaged in unfair trade practices and unfair competition by publicly publishing Plaintiff BGP's original work and product, Nucore, as the "free-for-download" Nucore-Alt, thus causing irreparable damage to Plaintiff BGP.

## COUNT II -   VIOLATION OF THE MICHIGAN UNIFORM TRADE SECRETS ACT, MCL 445.1901, *et seq*

31.     Plaintiff BGP integrates all prior paragraphs (1-30) within the following claims as if restated fully herein.

32.     Plaintiff BGP's trade secret - the original work contained within Nucore:

A)      Is unique software programming which derives independent economic value as a marketable "for-sale" product by:

i)      not having such programming, or unauthorized use of the functions of such programming, freely and generally known and/or usable, and by

ii)     not having such programming readily ascertainable, or unauthorized use of

7

the functions of such programming readily accessible, by proper means by other persons who can either:

a)      obtain economic value for themselves from its disclosure, and/or

b)      who, through disclosure, can undermine Plaintiff BGP's ability to obtain full and exclusive economic value from their product, Nucore.

*- and -*

B)      Is a unique software program which is the subject of reasonable efforts by Plaintiff BGP to maintain the secrecy of Nucore's programming by utilizing hardware copy protections.

33.      Plaintiff BGP asserts upon information and belief that Defendant Jimmy Lipham, through improper means, misappropriated Plaintiff BGP's copyrighted and secret original software programming contained within Nucore by:

A)      Acquiring functional use of Nucore's trade secret programming, knowing (or having reason to know) that such use was acquired by improper means, by bypassing, removing and/or otherwise disabling (or arranging for such acts by third parties) the verification functions of the security key protections contained within the Nucore files (which were designed and intended to protect BGP's copyright) so as to make Nucore function as Nucore-ALT without those protections, and/or by

B)      By removing the copyright notice ordinarily contained in Nucore (including identification of two of the three members of BGP responsible for creating Nucore), so as to remove references in Nucore-ALT to its true source: Nucore/BGP; and/or by

C)      Disclosing or using Nucore's trade secret software programming without Plaintiff

8

BGP's consent by:

    i)        Integrating such programming, or unauthorized use of the functions of such programming, into (or using it as the basis for) Nucore-ALT; and/or by

    ii)       Publishing Nucore-ALT for free download at PPB.com; and/or by

    iii)     Notifying others of Nucore-ALT's free availability via the previously identified publically-accessible pinball enthusiast sites; and/or by

    iv)     Personally using knowledge he obtained from Nucore's otherwise trade secret programming (and/or access to the functions of Nucore's programming), or his access to the functionality of Nucore's trade secret, for his own gain, by

          a)     Using such knowledge to restore WP2K pinball machines for his own and/or others use without purchasing authorized copies of Nucore, and/or

          b)     Using such knowledge to adapt Nucore/BGP's emulation coding and/or functionality to other uses, and/or

          c)     Using such knowledge to consult with third parties and speed development and/or functionality of their products which will compete with Nucore for any and all uses for which BGP's did and/or may have capitalized on their copyright in Nucore.

34.    Defendant Jimmy Lipham's actions have caused irreparable damage to Plaintiff BGP.

**<u>COUNT III</u> -  TORTIOUS INTERFERENCE WITH BUSINESS RELATIONSHIPS AND/OR BUSINESS EXPECTANCIES**

35.    Plaintiff BGP integrates all prior paragraphs (1-34) within the following claims as if restated

fully herein.

36.    Plaintiff BGP had, at all times relevant herein, a business relationship and/or business expectancy with Williams Electronic Games, Inc., and/or the copyright holders of executables, copyrighted ROMs, libraries, sound files, configuration files and scripting related to "Revenge From Mars" ("RFM") and "Star Wars Episode I" ("SWE-I") games, and/or the web site PinBallLife.com, and/or past and future lawful purchasers of Nucore, and/or customers of other applications of BGP's copyrighted product, Nucore, and its functions.

37.    Plaintiff's business relationships and/or business expectancies had a reasonable likelihood of future economic benefit for Plaintiff.

38.    Defendant Jimmy Lipham knew of Plaintiff BGP's business relationships and/or business expectancies at the time he interfered with such relationships and/or expectancies.

39.    Defendant Jimmy Lipham intentionally interfered with Plaintiff BGP's business relationships and/or business expectancies by:

  A)    Infringing on Plaintiff BGP's copyright, in violation of the United States Copyright Act of 1976, as amended, 17 U.S.C. §101, *et seq* (Count I), and/or by

  B)    Misappropriating Plaintiff BGP's trade secret original software programming contained within Nucore, in violation of Michigan's Uniform Trade Secrets Act, MCL 445.1901, *et seq*, (Count II), and/or by

  C)    Tortiously interfering with Plaintiff BGP's business relationships and/or business expectancies (Count III) by

    i)    Removing notice of Plaintiff BGP's copyright from Nucore, and removing the identities of two of the three members of BGP from the credits in Nucore,

so as to disguise from users of Nucore-ALT that it was, in fact, the property and product of BGP.

ii)    Integrating Nucore's copyrighted and secret software programming, or unauthorized use of the functions of programming, into (or using it as the basis for) Nucore-ALT (including executables, copyrighted ROMs, libraries, sound files, configuration files and scripting related to "Revenge From Mars" ("RFM") and "Star Wars Episode I" ("SWE-I") games), and/or by

iii)    Publishing Nucore-ALT for free download at his web site PlayPinBox.com; and/or by

iv)    Notifying others of Nucore-ALT's free availability via the previously identified publically-accessible pinball enthusiast sites; and/or by

v)    Personally using knowledge he obtained from Nucore's otherwise copyrighted and trade secret software programming (or his unauthorized use and/or access to the functionality of Nucore's copyrighted and trade secret software programming) for his own gain, by

    a)    Using such knowledge and/or unauthorized access to restore WP2K pinball machines for his own and/or others use without purchasing authorized copies of Nucore, and/or

    b)    Using such knowledge and/or unauthorized access to adapt Nucore/BGP's emulation programming and/or functionality to other uses, and/or

    c)    Using such knowledge and/or unauthorized access to consult with

11

third parties or entities and speed development and/or functionality
of their products which will compete with Nucore for any and all uses
for which BGP have (and/or may have) capitalized on their copyright
in Nucore.

40.    Defendant Jimmy Lipham improperly interfered with Plaintiff BGP's business relationships and/or business expectancies by

A)    Infringing on Plaintiff BGP's copyright, in violation of the United States Copyright Act of 1976, as amended, 17 U.S.C. §101, *et seq* (Count I), and/or by

B)    Misappropriating Plaintiff BGP's trade secret original software programming contained within Nucore, in violation of Michigan's Uniform Trade Secrets Act, MCL 445.1901, *et seq*, (Count II), and/or by

C)    Tortiously interfering with Plaintiff BGP's business relationships and/or business expectancies (Count III) by

i)     Removing notice of Plaintiff BGP's copyright from Nucore, and removing the identities of two of the three members of BGP from the credits in Nucore, so as to disguise from users of Nucore-ALT that it was, in fact, the property and product of BGP.

ii)    Integrating Nucore's copyrighted and secret software programming, or unauthorized use of the functions of such programming, into (or using it as the basis for) Nucore-ALT (including executables, copyrighted ROMs, libraries, sound files, configuration files and scripting related to "Revenge From Mars" ("RFM") and "Star Wars Episode I" ("SWE-I") games), and/or

12

by

    iii)    Publishing Nucore-ALT for free download at his web site PlayPinBox.com; and/or by

    iv)    Notifying others of Nucore-ALT's free availability via the previously identified publically-accessible pinball enthusiast sites; and/or by

    v)    Personally using knowledge he obtained from Nucore's otherwise copyrighted and trade secret software programming (or his unauthorized use and/or access to the functionality of Nucore's copyrighted and trade secret software programming) for his own gain, by

        a)    Using such knowledge and/or unauthorized access to restore WP2K pinball machines for his own and/or others use without purchasing authorized copies of Nucore, and/or

        b)    Using such knowledge and/or unauthorized access to adapt Nucore/BGP's emulation programming and/or functionality to other uses, and/or

        c)    Using such knowledge and/or unauthorized access to consult with third parties or entities and speed development and/or functionality of their products which will compete with Nucore for any and all uses for which BGP has (and/or may have) capitalized on their copyright in Nucore.

41.    Defendant Jimmy Lipham's conduct

    A)    Disrupted Plaintiff BGP's business relationships and/or business expectancies with

the parties identified in paragraph thirty-six (36), *supra*, and/or

B)      Caused such parties to terminate, delay (or to never form) such business relationships
and/or business expectancies with Plaintiff BGP.

42.     Defendant Jimmy Lipham's actions have caused irreparable damage to Plaintiff BGP.

## RELIEF REQUESTED

For the forgoing reasons, and those yet to be determined through discovery, Plaintiff BGP
respectfully request (with respect to Counts I, II and III) that this Court:

A)      Order that until this case is decided that Defendant Jimmy Lipham (and his agents, heirs,
assigns, and all other parties having received copies of Nucore-ALT, Nucore, and/or copyrighted
and/or trade secret information contained in Nucore (including executables, copyrighted ROMs,
libraries, sound files, configuration files and scripting related to "Revenge From Mars" ("RFM") and
"Star Wars Episode I" ("SWE-I") games) be enjoined from personal or commercial use or
distribution of such computer software or information (or the functionality of such computer
software or information), in whole or in part, by sale or otherwise, in the form of such computer
programming or information originally used in Nucore or as may have been adapted to perform the
emulation functions of Nucore and/or Nucore-ALT, or substantially similar functions in other
software or hardware; and

B)      Order that Defendant Jimmy Lipham account for every copy of Nucore-ALT downloaded
from his web site PlayPinBox.com by identifying each person and/or entity (by name, geographic
address, IP address, email address, telephone number, date of download, and any other identifying
information, correspondence, web site logs, etc., or like information) whom downloaded Nucore-
ALT from his web site; and

14

C)      Order that Defendant Jimmy Lipham identify each person and/or entity and account for all correspondence (electronic, hard-copy, or any other form) with such persons or entities whom he has shared information about, or discussed with, the previously protected copyrighted and trade secret computer code and other information contained within Nucore and/or Nucore-ALT (or derivatives of either, or the functionality thereof, adapted to enable performance of functions in other software or hardware by substantially the same means); and

D)      Order Defendant Jimmy Lipham to deliver to Plaintiff BGP for impoundment all copies of Nucore-ALT, Nucore, computer programming or software distribution elements of either, or derivatives of either adapted to perform emulation functions in other software or hardware, which are in his possession, custody or control (including all storage media, storage devices, operating devices such as computers, and other hardware such as network servers and pinball machines, etc.), and deliver to Plaintiff BGP for destruction such materials, *supra*; and

E)      Order Defendant Jimmy Lipham to identify to Plaintiff BGP all third parties whom he knows or has reason to know possess copies of Nucore-ALT, Nucore, partial computer programming or software distributions elements of either, the functionality derived therefrom, or derivatives of either adapted to perform emulation functions in other software or hardware, within any storage media, storage devices, operating devices such as computers, and other hardware such as network servers and pinball machines, etc.; and

F)      Order that Defendant Jimmy Lipham account for and pay as damages to Plaintiff BGP all profits and advantages gained (directly by him, or by third parties who used the infringed copyrighted computer programming or software distributions, the functionality derived therefrom, and/or trade secret information he misappropriated from Nucore and disclosed - either directly or by consulting

15

with such third parties to accelerate development of their own programs, products or services based on knowledge he gained from misappropriating Nucore) from infringement, unfair trade practices, unfair competition, disclosure of trade secrets, and/or tortious interference with business relationships and/or business expectations, such damages not to be less than statutory minimums (as applicable); and

G)      Award Plaintiff BGP those damages identified in paragraph (F), *supra*, plus interest, costs, and reasonable attorney's fees in bringing and prosecuting this matter, to be paid by Defendant Jimmy Lipham; and

H)      Award Plaintiff BGP any and all other relief, legal or equitable, to which this Court finds in exercise of sound discretion that Plaintiff BGP is so entitled.

Respectfully submitted,

ROBERT A. FARR, P.L.L.C.

By:   s/ Robert Farr   (P61597)
Attorney for Plaintiff Big Guys Pinball, LLC
28175 Haggerty Rd., Suite 138
Novi, Michigan 48377
rfarr@rfarrlaw.com
October 27, 2014                    (248) 703-0662

16