UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BIG GUY'S PINBALL, LLC,

        Plaintiff,                  Case No. 14-CV-14185
                                                   Hon. Victoria A. Roberts

v.

JIMMY LIPHAM,

        Defendant.
_____/

**ORDER DENYING MOTION TO DISMISS FOR LACK OF PERSONAL
JURISDICTION, DENYING MOTION TO DISMISS FOR IMPROPER VENUE,
DENYING MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM, AND
DENYING MOTION TO TRANSFER VENUE (DOC. #20)**

    **I.    BACKGROUND**

Plaintiff Big Guy's Pinball, LLC ("BGP"), a limited liability company incorporated in and with its principal place of business in Michigan, brought this action against Defendant Jimmy Lipham ("Lipham"), a resident of Georgia, for copyright infringement and unfair competition (Count I), violation of the Michigan Uniform Trade Secrets Act, M.C.L. 445.1901 *et seq*. (Count II), and tortious interference with business relationships and/or business expectations (Count III).

Lipham moved to dismiss for: (1) lack of personal jurisdiction; (2) improper venue; and (3) failure to state a claim upon which relief can be granted. In the alternative, he moved to transfer venue. Lipham's motions to dismiss and to transfer venue are based on his out-of-state defendant status. Lipham's motion to dismiss for failure to state a claim rests on his contention that BGP violated the GNU General Public License ("GPL") which governs the usage of Free Software, a "collaborative ecosystem based on principles of reciprocity." Lipham argues that

1

because BGP did not follow the requirements of the GPL, he did nothing wrong by uploading the modified software. He requests that the Court recognize an equitable defense to the copyright infringement allegations under this "novel" theory. BGP opposes all of Lipham's motions. Oral argument was heard on July 8th, 2015.

The Court finds that it may exercise personal jurisdiction over Lipham under Michigan's long-arm statute and that the exercise of personal jurisdiction does not violate federal due process. Venue is proper, because Lipham is subject to personal jurisdiction in this forum. And, the Court declines to transfer venue to the Northern District of Georgia; Lipham does not meet his burden to overcome the substantial deference given to BGP's choice of forum. Lastly, BGP's claim will not be dismissed for failure to state a claim upon which relief can be granted. BGP does state a proper claim, and this Court cannot consider the merit of Lipham's equitable defense argument.

### A.   STATEMENT OF FACTS

BGP holds a copyright in proprietary software known as "Nucore," which emulates the functions of obsolete hardware used in Pinball 2000 pinball games. BGP first published Nucore for public download in March 2009 via its website and sold the software both on optical compact disks and as downloadable files.

In July 2013, digital copies of Nucore were downloaded from BGP's website by an internet user with an IP address identified as belonging to Lipham. A security file stored within Nucore recorded the user's entries. BGP alleges that Lipham downloaded Nucore, removed the security keys that prevented unauthorized sharing, and uploaded a modified version of Nucore under the name of "Pinbox" to his own website called "PlayPinBox.com." The Nucore

2

alternative was available for free download. BGP obtained subpoenas which revealed Lipham to be both the IP address user and the website domain owner.

## II. ANALYSIS

### A. THIS COURT MAY EXERCISE LIMITED PERSONAL JURISDICTION OVER LIPHAM, AND THE EXERCISE DOES NOT VIOLATE THE DUE PROCESS CLAUSE OF THE UNITED STATES CONSTITUTION.

To avoid dismissal where there has been no evidentiary hearing, a plaintiff must only present a *prima facie* case for jurisdiction. *Audi AG & Volkswagen of Am., Inc. v. D'Amato*, 341 F. Supp. 2d 734, 741 (E.D. Mich. 2004). The Court must consider all affidavits and pleadings in the light most favorable to the plaintiffs and not weigh the assertions of the party seeking dismissal. *Id.* The Court may exercise personal jurisdiction over a defendant if both the defendant is subject to service of process under Michigan's long-arm statute and the exercise of jurisdiction would not deny the defendant due process. *Michigan Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 954 F.2d 1174, 1176 (6th Cir. 1992). Because Michigan's long-arm statute, M.C.L. § 600.705, extends to the limits of federal due process, this Court must determine only whether the exercise of personal jurisdiction over Lipham would violate Lipham's due process rights. *Id.*

Due process requires the plaintiff to establish that the defendant has minimum contacts with the forum state sufficient to comport with "traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945). The Sixth Circuit sets forth three criteria that must be met for a court to exercise personal jurisdiction over a non-resident defendant:

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must

arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

341 F. Supp. 2d at 742 (quoting *Kerry Steel, Inc. v. Paragon Indus., Inc.,* 106 F.3d 147, 150 (6th Cir.1997)).

### 1. LIPHAM PURPOSEFULLY AVAILED HIMSELF OF CAUSING CONSEQUENCES IN MICHIGAN.

The "purposeful availment" requirement protects a defendant from being forced to litigate in a forum due to "'random,' 'fortuitous' or 'attenuated'" contacts. *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 475, 105 S. Ct. 2174, 2183, 85 L. Ed. 2d 528 (1985). The defendant's conduct and connection with the forum state must be of the nature that the defendant could reasonably anticipate being sued in that forum. *Id.* at 474. "Purposeful availment" is satisfied when a defendant deliberately engages in conduct that can be "properly regarded as a prime generating cause of the effects resulting in Michigan." 341 F. Supp. 2d at 742. Lipham's deliberate actions aimed at Michigan-based BGP amounted to an intentional tort, which satisfies the purposeful availment requirement under the "effects test" that the Supreme Court adopted in *Calder v. Jones*, 465 U.S. 783, 104 S.Ct. 1482, 79 L.Ed.2d 804 (1984).

#### a. THE "EFFECTS TEST"

In *Calder*, the Court held that a valid basis for personal jurisdiction over an out-of-state defendant existed on the theory that the defendants intended to, and did, cause tortious injury to the plaintiff in the forum state, even though the defendants did not have sufficient minimum contacts with the forum state. *Id.* at 788-89. For the "effects test" to apply, BGP must show that (1) BGP felt the brunt of the injury in Michigan, (2) Lipham used BGP's copyrighted material

4

intentionally or deliberately, and (3) Lipham expressly aimed his actions at Michigan. *Ford Motor Co. v. Great Domains, Inc.*, 141 F. Supp. 2d 763, 774 (E.D. Mich. 2001).

The facts that BGP alleges, which the Court must accept as true, satisfy the elements required for application of the "effects test." First, BGP demonstrates that it felt the brunt of the injury resulting from Lipham's actions in Michigan. BGP is incorporated in Michigan and has its primary place of business in Michigan. Naturally, Michigan is the state in which BGP has felt the copyright infringement.

Second, BGP alleges that Lipham deliberately and intentionally downloaded Nucore and uploaded a modified version of the software available for free download on his website. Lipham argues that he never intended to infringe on BGP's copyright, but his argument rests on a theory that there should be an equitable defense to actions which otherwise constitute copyright infringement. Since the merit of Lipham's equitable defense argument cannot be considered at this stage, BGP satisfies its requirement to show that Lipham's actions were deliberate or intentional.

Third, BGP has shown that Lipham's acts were expressly aimed at Michigan. Lipham's deliberate actions resulting in copyright infringement were expressly aimed at BGP, a Michigan-based corporation that has its headquarters in Michigan. Two of BGP's co-founders also reside in Michigan. Whether Lipham had actual knowledge that BGP was located in Michigan does not matter. If Lipham was ignorant of this fact, that ignorance does not protect him from litigating in the state where he caused consequences resulting in tortious injury. Taking BGP's allegations as true, Lipham could have reasonably anticipated being sued in Michigan. Having shown that the "effects test" applies, the "purposeful availment" requirement is satisfied.

### 2. THE CAUSE OF ACTION ARISES FROM LIPHAM'S FORUM-RELATED ACTIVITIES.

The second criterion regarding exercising personal jurisdiction over an out-of-state defendant is whether the cause of action arises from the defendant's forum-related activities. BGP is suing Lipham for copyright infringement and unfair competition (Count I), violation of the Michigan Uniform Trade Secrets Act, M.C.L. 445.1901 *et seq.* (Count II), and tortious interference with business relationships and/or business expectances (Count III). These claims center around Lipham's alleged infringement of BGP's copyright. Taking BGP's allegations as true, Lipham took deliberate actions that resulted in tortious injury to BGP in Michigan. Therefore, this cause of action arises from Lipham's forum-related activities.

### 3. EXERCISE OF PERSONAL JURISDICTION OVER LIPHAM IS REASONABLE.

When the first two criteria for a prima facie case are met, an inference arises that exercising personal jurisdiction over the defendant is reasonable. *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1268 (6th Cir. 1996). But, this Court must still consider several factors when determining the reasonableness of exercising jurisdiction, namely "the burden on the defendant, the interest of the forum state, the plaintiff's interest in obtaining relief, and the interest of other states in securing the most efficient resolution of controversies.'" *Id.* (citing *American Greetings Corp.,* 839 F.2d at 1169–70). In *Audi AG & Volkswagen of Am., Inc. v. D'Amato*, the Court found that the plaintiff's interest in obtaining relief, coupled with Michigan's interest in protecting companies that principally reside in Michigan from trademark infringement, significantly outweighed whatever burden the defendant faced. 341 F. Supp. 2d at 748. Certainly, Michigan's interest in protecting Michigan-based companies from copyright infringement is as compelling as its interest in protecting them from trademark infringement. And, BGP

6

demonstrates a strong interest in obtaining relief. Balancing these two interests against Lipham's interest in avoiding inconvenience, the Court concludes that the exercise of personal jurisdiction over Lipham is reasonable.

The three criteria established by the Sixth Circuit for exercising personal jurisdiction over an out-of-state defendant have been met.

### B. VENUE IS PROPER IN MICHIGAN.

Lipham argues that BGP's claims should be dismissed for improper venue under Rule 12(b)(3). Venue in copyright infringement cases is proper in any district in which the defendant is subject to personal jurisdiction. And venue will not be transferred, because Lipham does not meet his burden to overcome the substantial deference to BGP's choice of forum.

Venue for copyright infringement claims is governed by 28 U.S.C. § 1400(a), which states:

> Civil actions, suits, or proceedings arising under any Act of Congress relating to copyrights or exclusive rights in mask works or designs may be instituted in the district in which the defendant or his agent resides or may be found.

28 U.S.C. § 1400(a). The general rule of construction of § 1400(a) is that a defendant "may be found" in any district where he is subject to personal jurisdiction. *Brink v. Ecologic, Inc.*, 987 F. Supp. 958, 965 (E.D. Mich. 1997). Lipham argues that this interpretation only applies to corporations, citing *Blue Compass Corp. v. Polish Masters of Am.*, 777 F. Supp. 4 (D. Vt. 1991) as precedent. But § 1400(a) does not distinguish between corporate and non-corporate defendants. Further, *Blue Compass* appears to be the single case that makes this distinction among the vast majority of decisions holding that a defendant "may be found" in any district in which he is subject to personal jurisdiction. *Quality Improvement Consultants, Inc. v. Williams*,

7

No. CIV.02-3994(JEL/JGL), 2003 WL 543393, at *7-8 (D. Minn. Feb. 24, 2003). Lipham is subject to personal jurisdiction in the Eastern District of Michigan. Therefore, applying the well-established rule of construction of § 1400(a), Lipham may be "found" in the Eastern District of Michigan; venue is proper.

### 1. LIPHAM DOES NOT MEET HIS BURDEN TO OVERCOME THE SUBSTANTIAL DEFERENCE GIVEN TO BGP'S CHOICE OF FORUM. ACCORDINGLY, VENUE WILL NOT BE TRANSFERRED.

In the alternative, Lipham argues that venue should be transferred to the Northern District of Georgia for the convenience of the parties and witnesses under 28 U.S.C. § 1404(a). District courts have wide discretion to transfer an action under § 1404(a) in order to "prevent waste of time, energy and money, and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Helder v. Hitachi Power Tools, USA Ltd.,* 764 F.Supp. 93, 95–96 (E.D.Mich.1991) (citing *Van Dusen v. Barrack,* 376 U.S. 612, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964)). § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The movant bears the burden to demonstrate by a preponderance of the evidence that "fairness and practicality strongly favor the forum to which transfer is sought." *Id.* (citing *Thomas v. Home Depot, U.S.A., Inc.,* 131 F.Supp.2d 934, 936 (E.D.Mich.2001).

This action could have been brought in Lipham's proposed venue, because Lipham resides in the Northern District of Georgia. Therefore, to determine whether a transfer of venue is appropriate, the Court considers the following factors: (1) the convenience of the parties; (2) the convenience of the witnesses; (3) the relative ease of access to sources of proof; (4) the availability of process to compel attendance of unwilling witnesses; (5) the cost of obtaining willing witnesses; (6) the practical problems associated with trying the case most expeditiously


and inexpensively; and (7) the interest of justice. *Thomas v. Home Depot, U.S.A., Inc.*, 131 F. Supp. 2d 934, 936 (E.D. Mich. 2001). Because the evidence in this case is documentary and can easily be stored and transported electronically, the factors that are most pertinent are those related to the convenience of the parties and witnesses.

Courts must give a plaintiff's choice of forum substantial deference. 341 F. Supp. 2d at 749. In *Audi AG & Volkswagen of Am., Inc. v. D'Amato*, the court found that the plaintiffs' choice of forum in the Eastern District of Michigan was entitled to substantial deference because the plaintiffs principally resided in the district and had substantial connections to the district. *Id.* at 750. Similarly, the two co-founders of BGP principally reside in the Eastern District of Michigan and therefore have substantial connections to the forum. And, a state generally has a "manifest interest" in providing its residents with a convenient forum for redressing injuries inflicted by out-of-state actors. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 473, 105 S. Ct. 2174, 2182, 85 L. Ed. 2d 528 (1985).

While Lipham contends that Michigan is an inconvenient venue, he does not show that it would be more inconvenient for him to litigate in Michigan than it would be for BGP to litigate in Georgia. Lipham merely states that travel from Georgia to Michigan "is not convenient" for him. The Court will not transfer venue if the result is "simply to shift the inconvenience from one party to another." *Audi AG & Volkswagen of Am., Inc. v. Izumi*, 204 F. Supp. 2d 1014, 1023 (E.D. Mich. 2002).

Lipham also argues that venue should be transferred to Georgia for the convenience of a key witness, Mr. Steve Ellenoff, the third co-founder of BGP who resides in Georgia. Witnesses' convenience is "one of the most important factors in determining whether to grant a motion to change venue under § 1404(a)." 341 F. Supp. 2d at 750. Lipham did not identify Mr. Ellenoff as

a witness in his original motion but only addressed him as a potential witness in his reply brief. Lipham does not assert definitive plans to call Mr. Ellenoff as a witness and fails to specify what the subject matter of Mr. Ellenoff's testimony would be. Lipham does not cite concerns over costs or other practical difficulties in compelling Mr. Ellenoff to give testimony; he merely concludes that a Georgia venue is "[o]bviously…more convenient" because Mr. Ellenoff resides there. The two co-founders of BGP who plan to testify reside in Michigan and would find the Eastern District of Michigan more convenient. Therefore, both parties can point to convenience of witnesses as a reason to choose one venue or the other. Lipham does not meet the burden to show by a preponderance of the evidence that fairness and practicality strongly favor a Georgia venue. In light of both BGP's connections to the forum and Michigan's interest in protecting Michigan-based companies from tortious injury, transfer of venue is not appropriate.

### C.  BGP STATES A CLAIM FOR WHICH RELIEF MAY BE GRANTED.

Lipham argues that BGP's claim should be dismissed for failure to state a claim for which relief can be granted under Fed. R. Civ. P. 12(b)(6). The purpose of a motion under Fed. R. Civ. P. 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true. *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993) (citing *Nishiyama v. Dickson County, Tennessee,* 814 F.2d 277, 279 (6th Cir.1987)). But Lipham does not attack the legal sufficiency of BGP's complaint. Rather, his argument rests on his theory that BGP's violation of the GPL provides an equitable defense to his actions that otherwise constitute copyright infringement.

The Court cannot consider the merit of Lipham's argument, since BGP only has to state a claim for which relief can be granted at this stage. BGP claims that Lipham committed copyright infringement in violation of 17 U.S.C. § 101 *et seq.* To state a claim under 17 U.S.C. § 101 *et*

*seq.*, a plaintiff must allege that the defendant violated at least one of the five exclusive rights granted to copyright holders under 17 U.S.C. § 106. 17 U.S.C.A. § 501 (West 2002). BGP has specifically alleged that Lipham violated BGP's copyright by downloading a copy of Nucore, creating a derivative program that was essentially an exact copy of Nucore, and uploading the derivative program to his website in order to distribute it freely to any Internet user. Therefore, BGP has alleged that Lipham violated at least the exclusive right to "prepare derivative works based upon the copyrighted work." 17 U.S.C.A. § 106 (West 2002). BGP properly states a claim for which relief may be granted.

### III. CONCLUSION

Lipham is subject to personal jurisdiction in the Eastern District of Michigan. It follows that venue is proper. Venue should not be transferred, because Lipham does not meet the burden to demonstrate that fairness and practicality strongly favor transfer. Lastly, Lipham's motion to dismiss for failure to state a claim is unfounded.

The Court **DENIES** all of Lipham's motions.

**IT IS ORDERED.**

<div style="text-align: right">

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

</div>

Dated: July 10, 2015

| |
|---|
| The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on July 10, 2015.<br>s/Linda Vertriest<br>Deputy Clerk |